```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

DALLAS CONLEY,

    Plaintiff,

v.                                CIVIL ACTION NO. 1:21-00205

G.C. PAITSEL, individually;
A.S. PRIMMER, individually;
BENJAMIN R. WOOD, individually;
JOHN DOE NO. 1, individually;
JOHN DOE NO. 2, individually;
JOHN DOE NO. 3, individually;
JOHN DOE NO. 4, individually;
JOHN DOE NO. 5, individually;

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of defendants G.C. Paitsel ("Paitsel") and A.S. Primmer ("Primmer") (collectively, "defendants") to dismiss without prejudice or stay this case. (ECF No. 26.) Plaintiff resists dismissal of the case but acquiesces to a stay pending the resolution of certain pending criminal charges touching upon the facts leading to this civil case. (ECF No. 30.) On reply, defendants make clear that in light of plaintiff's consent to a stay of the case, that is the relief they now seek. (ECF No. 31.)

While a district court's power to grant a motion to stay is "well recognized," it is not "without limitation." Williford v. Armstrong World Indus., 715 F.2d 124, 127 (4th Cir. 1983). "The

party seeking a stay must justify it by <u>clear and convincing circumstances</u> outweighing potential harm to the party against whom it is operative." <u>Id.</u> (emphasis added). In seeking a stay, a litigant argues in the shadow of "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." <u>Colo. River Water Cons. Dist. v. United States</u>, 424 U.S. 800, 817 (1976).

Here, because the party against whom the stay operates (the plaintiff) is agreeable to the stay, the potential harm is effectively zero. Accordingly, for good cause shown, and because plaintiff is agreeable to a stay, the court **GRANTS** the motion insofar as it seeks a stay.[1] The parties shall file a status report no later than March 31, 2022. Any party may move the court to lift the stay if the criminal charges are resolved prior to that time. A motion to lift the stay should include a proposed amended scheduling order.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 6th day of December, 2021.

ENTER:

David A. Faber
Senior United States District Judge

---

[1] Given the narrowing of the relief sought, the court denies without prejudice defendants' motion to dismiss on abstention grounds.

2